**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT BAKER, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 12-2277 (MAS) (LHG) |
| MARK MCKIMMON, *et al.*, : | **MEMORANDUM OPINION** |
| Defendants. : | |

**SHIPP, District Judge**

This matter comes before the Court upon three individually filed Motions to Dismiss *pro se* Plaintiff Vincent Baker's ("Plaintiff" or "Baker") Complaint (Compl., ECF No. 1.) Defendant Elmer Kendricks, owner of Shore Auto Brokers, ("Kendricks") filed a Motion to Dismiss on September 5, 2012. (Kendricks Br., ECF No. 15.) Defendant Mark Kinmon, Chief of the Asbury Park Police Department, improperly pled as Mark McKimmon ("Kinmon" or "Chief"), filed a Motion to Dismiss on October 15, 2012. (Chief Br., ECF No. 20.) Defendant Steven Rubin, Esq. ("Rubin"), filed a Motion to Dismiss on November 21, 2012. (Rubin Br., ECF No. 25.) Plaintiff filed Opposition on November 26, 2012 arguing that "Plaintiff's [§] 1983 Complaint should not be dismissed against any of the Defendants." (Pl.'s Opp'n 3, ECF No. 26.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons set forth in this Opinion, and other good cause shown, Defendants' Motions to Dismiss are GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.

I.  **Background**

Plaintiff's Complaint, filed on April 17, 2012, names the following defendants: the Chief, Kendricks, Rubin, Scott Baron ("Baron"), unnamed Asbury Park Police Officers and unnamed members of the Muslim Center of Asbury Park. (Compl.)

Count One of Plaintiff's Complaint alleges claims against the Chief. (Compl. ¶¶ 53-56.) Specifically, Plaintiff alleges that the Chief failed "to provide [] adequate training, discipline, and supervision" and "to enforce the laws of the state of New Jersey and the regulations of the Asbury Park Police Dept." (Compl. ¶¶ 54.)

Count Two alleges, in sum, that the unnamed members of the Muslim Center of Asbury Park "entered plaintiff's property without permission . . . and removed plaintiff's personal property." (Compl. ¶¶ 57-58.)

Count Three alleges that Kendricks deprived him of property rights in connection with the restructuring of a mortgage agreement. (Compl. ¶¶ 59-64.)

Count Four alleges that Rubin, who represented Plaintiff in a prior action, also represented his landlord in an action adverse to Plaintiff, thereby creating a conflict of interest. (Compl. ¶¶ 65-67.)

Count Five alleges a state law claim of negligence against Kendricks and Baron, an allegedly disbarred attorney who was to draft the mortgage agreement between Plaintiff and Kendricks. (Compl. ¶¶ 69-77.)

Lastly, Count Six of the Complaint alleges deprivations of "economic, physical and business opportunities."

## II.　Analysis

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Fed. R. Civ. P. 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the

end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### A. Plaintiff's 42 U.S.C. § 1983 Claim

Plaintiff alleges a § 1983 claim against the Chief. Specifically, Plaintiff alleges that on January 15, 2010, members of the Asbury Park Muslim Center removed property and changed the locks. (Compl. ¶¶ 35-39.) Plaintiff alleges the Asbury Park Police arrived, "but did nothing to curb or stop the vandalism." (Compl. ¶ 39.) The Chief argues that Plaintiff's § 1983 claim is barred by the applicable statute of limitations. (Chief's Br. 7.)

The personal injury statute for the state where the cause of action accrued governs a claim brought pursuant to § 1983. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, the relevant statute is N.J. Stat. Ann. § 2A:14-2. *See Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987). Accordingly, the applicable statute of limitations is two years. The factual assertions in Plaintiff's Complaint as it relates to his § 1983 claim involve discrete actions, or inactions, accruing on January 15, 2010. (Compl. ¶¶ 37-39.) Thus, Plaintiff's claim filed on April 17, 2012 is time-barred. Plaintiff has filed a certification in the instant matter acknowledging same, "I do not believe that any defendant will be prejudiced by my filing . . . after the 2 year deadline[.]" (ECF No. 1-1 ¶ 9.) Therefore, Plaintiff's sole federal claim is dismissed as time-barred pursuant to the applicable statute of limitations.[1]

### B. Plaintiff's State Law Claims

The Court declines to exercise jurisdiction over the remaining state law claims. The "district court may decline to exercise supplemental jurisdiction over a claim if 'the district court

---

[1] To the extent Plaintiff alleges a § 1983 claim against the remaining named defendants, in addition to such claims being time-barred, Plaintiff has failed to sufficiently plead that these defendants are "state actors" for purposes of § 1983 liability. *See Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972).

has dismissed all claims over which it has original jurisdiction.'" *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169 (3d Cir. 2009) (quoting 28 U.S.C § 1367(c)(3)).

> The power of the court to exercise pendent jurisdiction . . . requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court. The substantiality of the federal claim is ordinarily determined on the basis of the pleadings. If it appears that the federal claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) . . . then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances.

*Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25-26 (3d Cir. 1989) (internal citations omitted).

Here, no extraordinary circumstances exist which require the court to entertain the state law claims. As such, Plaintiff's state law claims are dismissed.

## III. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are granted. Plaintiff's Complaint is dismissed with prejudice. An Order consistent with this Opinion will be filed.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 4/23/13